UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                                  CRIMINAL ACTION NO. 3:18-CR-42-DPJ-ASH

DANIEL EARL WILSON, JR.

ORDER

This matter is before the Court on Daniel E. Wilson, Jr.'s Motion for Termination of Supervised Release [30]. For the reasons provided below, the Court denies Wilson's motion.

I.   Facts and Procedural History

Wilson first came before this Court because he failed to register as a sex offender. *See* Indictment [1]. After fleeing parole in Missouri, Wilson came to Mississippi and began working as a handy man. *See* Presentence Investigative Rep. (PSR) [15] ¶¶ 6–7 (filed under seal). He was located by the U.S. Marshals in Clinton, Mississippi, after the Gulf Coast Regional Task Force (GCRTF) received a request to assist "locating [a] fugitive" from the Marshals Service in Kansas City, Missouri. *Id.* ¶ 6. Wilson then returned to Missouri where he served the remainder of his revocation sentence in the Missouri Department of Corrections (MDOC). *Id.* ¶ 9. Though Wilson registered as a sex offender in Mississippi in October 2017, he moved to Meridian, Mississippi, in March 2018 without updating this registration or informing law enforcement, resulting in his arrest for the instant offense. *Id.* ¶ 10.

On March 7, 2018, Wilson was charged in this Court for failing to register as a sex offender and comply with the registration update requirements. Indictment [1]. Wilson pled guilty to the one-count indictment on August 8, 2018. This Court sentenced Wilson to 18 months incarceration, followed by seven years of supervised release. J. [17] at 2. The Court also

imposed several special conditions of supervised release, including: (1) a prohibition on direct contact with any child under the age of 18, not including Wilson's own children, without court permission; (2) a prohibition on going to or remaining at places frequented by children under the age of 18 without approval by a U.S. probation officer; and (3) a requirement that he submit to polygraph examinations to ensure his compliance with the conditions of his supervised release and a sex offender treatment program. *See id.* at 5.

Wilson appealed these conditions to the Fifth Circuit Court of Appeals. *See* Notice of Appeal [18]. That court affirmed, finding the conditions "reasonably related to the relevant statutory sentencing factors, do not involve a greater deprivation of liberty than is reasonably necessary to fulfill those purposes, and are consistent with the relevant Sentencing Commission policy statements." Copy of USCA Op. [27] at 2; *United States v. Wilson*, No. 18-60569, at 2 (5th Cir. May 29, 2019) (per curiam) (unpublished).

On September 9, 2025, Wilson sent the Court a letter, docketed as a motion, requesting early termination of his supervised release. *See* Mot. [30]; Envelope [30-1]. The Court now turns to this request.

II.     Standard

Motions to terminate supervised release are governed by 18 U.S.C. § 3583(e)(1):

> The court may, after considering the factors set forth in section 3553(a) [other than sections (a)(2)(A) and (a)(3)] . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

By referencing § 3553(a), "[t]he statute directs the court to take into account a variety of considerations, including the nature of the offense and the history of the offender, as well as any

implications for public safety and deterrence[—]largely the same considerations the court must assess when imposing the original sentence." *United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998). "[T]he statute confers broad discretion." *Id.* Finally, "[c]ourts have generally held that something more than compliance with the terms of probation is required to justify early termination; early termination is usually granted only in cases involving changed circumstances, such as exceptionally good behavior." *United States v. Smith*, No. 3:10-CR-53-DPJ-FKB, 2014 WL 68796, at *1 (S.D. Miss. Jan. 8, 2014) (collecting cases).[1]

III.    Analysis

Wilson supports his request for early termination by pointing to his "bad health." Mot. [30]. He says that he has "bad lungs" and is "on oxygen 24 hours a day," making him unable to work. *Id.* He wishes to be released so that he may move to North Carolina. *Id.* According to Wilson, his doctor said this move would "help with [his] breathing." *Id.*

The government opposes Wilson's motion for several reasons. It points to "Wilson's history of absconding, his repeated failure to register, his failure to cite any meaningful justifications warranting early termination, and his failure to satisfy the 18 U.S.C. § 3553(a) factors." Gov't Resp. [33] at 3.

First, based on this record, Wilson has not provided the Court with enough information to determine if his circumstances justify early termination of supervised release. While Wilson may very well be in poor health, he did not include any medical records or an affidavit from his doctor corroborating these claims. Thus, as the Government observes, the Court cannot

---

[1] "Because the statutes governing early termination of probation and supervised release . . . use the same language, courts have frequently relied on precedents governing requests interchangeably." *United States v. Reed*, No. 15-100, 2020 WL 4530582, at *2 n.1 (E.D. La. June 5, 2020) (citing *Smith*, 2014 WL 68796, at *1).

3

"properly evaluate" whether these conditions warrant early termination of supervised release. *Id.* at 6.

Even if corroborated, these allegations alone do not overcome the § 3553(a) factors weighing against Wilson. Under that section, the Court first considers the nature and circumstance of the offense. *See* § 3553(a)(1). Wilson failed to register as a sex offender, and he was sentenced to 18 months incarceration and seven years of supervised release. J. [17] at 2. The offense indicates the need to continue monitoring Wilson with his ongoing registration duties. Thus, this factor does not support early termination.

Next, the Court considers Wilson's history and characteristics. *See* § 3553(a)(1). The sex offenses for which Wilson failed to register were statutory rape and incest. PSR [15] ¶ 33. In addition, Wilson has eight other adult convictions. *Id.* ¶¶ 27–28. Especially relevant here, his record reveals a concerning pattern of violating parole and court orders. After his rape and incest convictions in Missouri state court, Wilson was "returned to custody" less than a year after being released to probation. *Id.* ¶ 33. When he was again paroled, he absconded roughly two months later. *Id.* As other courts in this circuit have noted, "[t]he best prediction of how [the Defendant] will behave if he were to be released is how he has behaved when released in the past." *United States v. Arzon*, No. 1:11-CR-43(2), 2025 WL 1799326, at *11 (E.D. Tex. June 27, 2025) (quoting *United States v. Preston*, No. 3:18-CR-307-K, 2020 WL 1819888, at *4 (N.D. Tex. Apr. 11, 2020)); *Pepper v. United States*, 562 U.S. 476, 492 (2011) ("[Defendant's] conduct since his release from custody . . . provides the most up-to-date picture of [his] history and characteristics." (internal quotation marks and citation omitted)). Given Wilson's lengthy record, this factor counsels against early termination.

4

Finally, the Court evaluates the need to afford adequate deterrence and protect the public. *See* § 3553(a)(B)–(C).  These concerns are especially salient in cases involving child sexual exploitation.  *See e.g.*, *United States v. Palermo*, No. 5:05-CR-15-DCB-JCS, 2024 WL 2978460, at *3 (S.D. Miss. June 13, 2024) (denying early termination of supervised release for defendant convicted of possessing child pornography); *United States v. Hutchins*, No. 3:08-CR-083-D, 2023 WL 8606767, at *2 (N.D. Tex. Dec. 11, 2023) (emphasizing that defendant's crime involved "the victimization and exploitation of children").

That's true in part because those who commit sex crimes against children are more likely to recidivate.  *See United States v. Allison*, 447 F.3d 402, 407 (5th Cir. 2006).  Indeed, supervised release is an important component of Wilson's sentence, as it "serves a broader societal purpose by reducing recidivism."  *United States v. Jackson*, 426 F.3d 301, 305 (5th Cir. 2005) (quoting *Jeanes*, 150 F.3d at 485).

When it upheld the conditions of Wilson's supervised release, the Fifth Circuit cited "Wilson's prior convictions for sex offenses against his daughter and his prolonged disappearances from parole on those convictions."  Copy of USCA Op. [27] at 2; *United States v. Wilson*, No. 18-60569, at 2 (5th Cir. May 29, 2019) (unpublished per curiam).  Nothing has changed.  This factor also weighs against Wilson.

In sum, even though Wilson has served most of his term of supervised release, early termination would insufficiently account for his history and characteristics, the need for deterrence, and the need to protect the public from future crimes.  *See, e.g.*, *Palermo*, 2024 WL 2978460, at *3–5; *United States v. Krester*, 343 F. App'x 987, 988–89 (5th Cir. 2009); *United States v. Weatherton*, 567 F.3d 149, 155 (5th Cir. 2009) (upholding term of supervised release for defendant convicted of rape).

IV.   Conclusion

The Court has considered all arguments. Those not specifically addressed would not have changed the outcome. Wilson's motion [30] is denied.

**SO ORDERED AND ADJUDGED** this the 4th day of March, 2026.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE
